# ORPHANS' COURT OF BALTIMORE CITY.

Filed November 16, 1895.

IN THE MATTER OF THE ESTATE OF SARAH E. TURPIN, DECEASED.

LINDSAY and GANS, JJ.—

This is a case of caveat to the will of the above-mentioned Sarah E. Turpin by George H. Dennis, nephew of the said Sarah. After duly examining and weighing the testimony of the witnesses in the case, together with the arguments of the respective counsel, pro and con, the Court has unanimously reached the conclusion that no sufficient cause has been shown by the caveators to justify the Court in setting the will aside.

The testimony fully establishes the fact that Sarah E. Turpin was of sound and disposing mind when she put her mark to it in the presence of three witnesses whom she requested to testify to its execution; and there is no proof to the contrary. Neither is there any positive proof of any undue influence. All the evidence looking toward this point is purely of an inferential or conjectural nature and such as could constitute no ground for a positive judgment. It is true the testatrix, in giving preference to a stranger over her blood-relations in her benefactions, departs somewhat from the usual and natural line of conduct in respect to matters of this sort; but this, of itself, never proves unsoundness of mind or incapacity to make a will; nor, in itself, does it prove that undue influence was made to bear upon her mind, constraining her to act as she did, and not as she would. Clearly, being of sound mind, as she was proved to be, and being free from influence which she could not control, which the testimony also clearly shows, she was entirely competent under the law to dispose of her property according to her own good pleasure, whatever room there may or might be for unproved inferences or suspicions which may arise in, and float through

the mind, in consequence of the fact that the object of her bounty had, for several years, and up to the time of her death, a room in her house, as a boarder.

In the absence of all positive proof of the issues that have been raised by the caveator, and the presence of clear positive testimony on the side of the defense against those issues at every point. The Court is forced to the opinion that the will ought to be and must be sustained.

Accordingly it is ordered and decreed, this 16th day of November, 1895, that the petition and caveat in the case of Sarah E. Turpin be and the same hereby are dismissed with costs.